## SCOTT *v.* SCOTT.

There was no abuse of discretion in refusing a new trial after verdict for the defendant in a suit for divorce on the ground of cruel treatment.

No. 4590. JANUARY 14, 1925.

Libel for divorce. Before Judge Tarver. Gordon superior court. September 29, 1924.

*F. A. Cantrell* and *J. H. Paschall,* for plaintiff.

*J. M. Lang, solicitor-general,* for defendant.

BECK, P. J. Colquitt Scott brought a libel for divorce upon the ground of cruel treatment. The specific acts of cruel treatment alleged in the petition are that on two or more occasions the defendant "tried to poison me [the petitioner] by threatening to give me carbolic acid and put certain medicine in my eyes that would cause me to lose my eyesight;" and petitioner further alleged that he "had to continually watch her," that the treatment described caused petitioner great mental and physical pain and suffering, and he was "in fear and dread of her on account of her cruel treatment." The only witness introduced upon the trial was petitioner himself. He testified that his wife had made the threats alleged in the petition. The jury returned a verdict for the defendant. A motion for new trial was overruled.

It does not appear that the judge abused his discretion in overruling the motion for a new trial, which is based upon the usual general grounds that the verdict is contrary to the evidence and without evidence to support it. Cruel treatment is a discretionary ground for divorce; and, moreover, the evidence did not require a finding that there was such wilful infliction of pain, bodily and mental, upon the complaining party as would reasonably justify an apprehension of danger to life, limb, or health. There was no

overt act testified to, upon the part of the wife, looking to the accomplishment of the atrocious threats testified to by the plaintiff; and the jury may have considered them as mere idle threats upon the part of the wife, made during an ebullition of temper, without any intent to carry them into effect.

> *Judgment affirmed. All the Justices concur.*